**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH WATSON, | ) | |
| | ) | Civil Action No. 09 – 87J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | ECF Nos. 82, 84, 86, 87 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff, Joseph Watson, a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) in the State Correctional Institution at Somerset (SCI-Somerset), initiated the instant action on April 3, 2009, pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  In his complaint (ECF No. 3) and supplement to complaint (ECF No. 4), Plaintiff alleged that Defendants violated his rights as protected by the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.  Defendants filed Motions to Dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 25, 45.)  In a Report and Recommendation dated April 12, 2010, the undersigned recommended that the Motions be granted.  (ECF No. 49.)  The Report was adopted as the Opinion of the Court on May 27, 2010, and dismissal was appealed by Plaintiff.  (ECF Nos. 55, 57.)  On July 11, 2011, the Third Circuit Court of Appeals issued an Opinion which stated in pertinent part:

> ". . . we will affirm the great majority of the District Court's judgment, but will vacate and remand on the retaliation and Fourth Amendment claims as discussed above.  We also will vacate and remand on his access-to-courts claims, as he may

be able to cure the defect in his allegations if granted leave to amend; on all other claims, amendment would be futile."

(ECF No. 62.) As a result, Plaintiff was ordered to file an amended complaint consistent with the appellate court's Opinion. (ECF No. 63.) After Plaintiff sought leave to amend his complaint by adding new claims (ECF No. 66), he was ordered to file an amended complaint consistent with the Third Circuit's Opinion. Plaintiff was granted an extension of time in which to file his amended complaint (ECF No. 71), and he filed an amended complaint on January 12, 2012 (ECF No. 74). By Order of the Court, Plaintiff was permitted to file a second amended complaint, which he filed on February 22, 2012 (ECF No. 81). Defendants have filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(16). (ECF Nos. 82, 84.) For the reasons stated below, the Motions will be granted.

## I. Plaintiff's Allegations

The following recitation is taken from the aforementioned Opinion of the Third Circuit Court of Appeals dated July 11, 2011.

> Watson, a prisoner at SCI-Somerset in Pennsylvania during the period in question, filed this pro se 42 U.S.C. § 1983 action in April 2009, requesting declaratory and monetary relief. He claimed as follows: beginning in 2006, he and other unspecified black inmates that worked in the prison kitchen were specifically targeted for invasive strip searches by kitchen staff, one of whom – defendant Verneau – is alleged to have actively and repeatedly molested and sexually harassed Watson during the searches. Watson filed many grievances during this period, in response to which defendant Fisher (the kitchen manager) called Watson into his office, personally apologized, and asked that Watson withdraw his complaint.
>
> Following this intervention, the situation briefly improved, but in 2007 the searches resumed. Having been told of Watson's complaint, Verneau allegedly intensified the harassment. Watson soon learned that other inmates were having similar problems with abusive searches. He obtained "sworn affidavits" from these inmates, intending to use the documents in crafting a criminal complaint against Verneau and his associates. Around this time, Watson received a "misconduct" from Verneau for stealing sugar packets from the kitchen, an event

> Watson described as being yet another aspect of the ongoing "revenge conspiracy" against him.
>
> Watson then let slip to defendants Fisher and Ream (another kitchen supervisor) that he was preparing a criminal complaint, as he had found the internal prison-grievance system to be ineffectual. They "tr[ied] to talk [him] out of pursuing criminal charges," but to no avail. In response, defendant Fisher, Glass (major of the guards), and Papuga (captain of the guards) sent Pratts and Troy (two guards) to Watson's cell with the purpose of confiscating all evidence against the kitchen staff members, which included the aforementioned "sworn affidavits" and a half-typed criminal complaint, both of which were later destroyed by defendant Security Lieutenant Snyder. Watson was charged with misconduct, was put in pre-hearing confinement in the Restricted Housing Unit (RHU), and was then partially convicted of the charge at a hearing he describes as faulty and lacking due process.
>
> After he was secured in the RHU, Watson alleged, a "witch-hunt" began, and the inmates who had submitted affidavits regarding the kitchen incidents – some of whom had signed their real names – were sent to other institutions, leaving them unavailable for the purposes of replacing the destroyed affidavits or corroborating Watson's allegations. Watson further charged that his outgoing and incoming mail (including legal mail) was tampered with during his stay in the RHU, forcing him to "fish" mail to neighboring inmates; as a consequence, several legal proceedings he had commenced were dismissed for failure to prosecute.

(ECF No. 62-1 at 2-4) (internal footnotes omitted).

## II.     Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret.

Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this

is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### III. Discussion

As noted above, the Third Circuit Court of Appeals vacated and remanded with respect to Plaintiff's claim that Defendants interfered with his access to the courts finding that Plaintiff may be able to cure the defect in his allegations if granted leave to amend.

### A. Access to Courts

Plaintiff alleges that his First Amendment rights were violated when Defendants tamped with his legal materials and interfered with his access to the courts. In order to state such a claim, he must show an actual injury, such as the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). The underlying lost claim, whether past or potential, must be nonfrivolous and arguable, and also must be described in the complaint. Christopher v. Harbury, 536 U.S. 403, 414-15 (2002); *see also* Lewis v. Casey, 518 U.S. 343, 355 (1996). Plaintiff claims two instances whereby Defendants allegedly denied him access to the courts.

### 1. Criminal Prosecution

First, Plaintiff alleges that he was unable to pursue a criminal prosecution against DOC officers as a result of Defendants confiscating and destroying his criminal complaint and inmate witness affidavits. He claims that the inmates who provided the affidavits were transferred to other correctional institutions; thus, he was unable to subsequently locate them.

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355 (emphasis in original). Moreover, it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

Because Plaintiff has no judicially cognizable interest in the prosecution of another, the Court finds that Plaintiff has failed to state an access to the courts claim in this regard because he has not alleged that he was impeded in the pursuit of a non-frivolous legal claim as contemplated by Lewis. *See* Robinson v. Conner, No. 2:12-CV-397, 2012 U.S. Dist. LEXIS 85573 (M.D. Ala. May 31, 2012); Green v. Sneath, No. 1:09-CV-0154, 2012 U.S. Dist. LEXIS 41199, at *37 (M.D. Pa. March 26, 2012). Accordingly, this claim will be dismissed with prejudice.

**2. Federal Habeas Corpus Action**

Next, Plaintiff alleges that his legal documents he was preparing for a federal habeas corpus petition regarding his criminal conviction were "trashed" in that the guards threw them in his footlocker in "disarray" when he was moved to the RHU on January 28, 2008. He claims that as a result of the guards' actions he was forced to submit the petition "without all of the parts

to complete and support his claim of actual innocen[ce]" and that his petition was dismissed as untimely. (Doc. No. 85 at 6.) Plaintiff's claim fails for multiple reasons.

First, Plaintiff fails to specifically state in his complaint the underlying claim that was allegedly lost due to the guards' actions. The Third Circuit has explained that a plaintiff must specifically state in his complaint the underlying claim with the requirements of Federal Rule of Civil Procedure 8 to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "'arguable' nature of the underlying claim is more than hope." Id. at 416. Here, Plaintiff merely claims that by throwing his legal papers into his footlocker in disarray, he was unable to submit his habeas petition in its entirety and his petition was subsequently dismissed as untimely. However, Plaintiff fails to provide sufficient detail in reference to the underlying habeas action. For example, Plaintiff does not so much as specify the court in which he filed his petition or the docket number for his habeas action. Upon review of the public records, it appears as if Plaintiff is currently incarcerated for a crime committed in Philadelphia County in August 1998. *See* Watson v. Rozum, No. 08-1650, 2008 U.S. Dist. LEXIS 113285, at *2 (E.D. Pa. June 26, 2008). Plaintiff was convicted of involuntary deviate sexual intercourse, aggravated assault, and possessing an instrument and was sentenced to twenty-two and a half (22½) to forty-five (45) years of incarceration. Id. at *4. Following direct and post-conviction appeals, Plaintiff petitioned for habeas corpus relief in the Eastern District of Pennsylvania on March 30, 2008. Id. at *4-5. However, over Plaintiff's objections that he was actually innocent, the court ruled that his habeas petition was time-barred as Plaintiff filed it over five months after the expiration of his deadline under the AEDPA. *See* Watson v. Rozum, No. 08-1650, 2008 U.S. Dist. LEXIS

56284 (E.D. Pa. July 17, 2008); *see also* Eastern District of Pennsylvania, Case No. 08-1650, ECF Nos. 10, 11.  Plaintiff appealed and the Third Circuit denied his request for a certificate of appealability on January 29, 2009, and for rehearing *en banc* on March 24, 2009.  *See* Third Circuit Court of Appeals, Case No. 08-3602.  He subsequently petitioned for writ of certiorari with the Supreme Court, which was denied on October 5, 2009.  *See* United States Supreme Court, Case No. 09-5067.

      To the extent Plaintiff claims that Defendants somehow interfered with his habeas action, he is unable to demonstrate an actual injury in that he was unable to pursue a non-frivolous legal claim as a result of the guards' alleged actions.  Plaintiff claims that he was unable to submit all of the necessary documents in support of his habeas petition to sufficiently demonstrate his innocence.  However, Plaintiff's habeas petition was untimely filed under the AEDPA, and neither the United States Supreme Court nor the Third Circuit has held that the AEDPA statute of limitations may be tolled on the basis of actual innocence.  *See* <u>Horning v. Lavan</u>, 197 F. App'x 90, 93 (3d Cir. 2006) (noting that the Third Circuit has yet to reach the question).  Moreover, Plaintiff presented several arguments in support of his innocence in his objections to the Magistrate Judge's Report and Recommendation that his habeas petition be dismissed and they were rejected by the court.  Assuming that Plaintiff did not argue that he was unable to sufficiently demonstrate his innocence due to the guards' alleged actions, he was in no way prevented from raising such an argument and his opportunity for doing so would have been at that time.  Additionally, the Court finds no merit in Plaintiff's argument that his habeas petition was untimely filed because he was placed in the RHU out of retaliation.  Plaintiff's time for filing his habeas petition expired on October 10, 2007, and he was not placed in the RHU until January 28, 2008, over three months later.

Finally, Plaintiff has failed to establish that the guards' alleged actions somehow frustrated his ability to pursue his habeas action or his claim of actual innocence. Although Plaintiff mentions several times that the guards "trashed" his legal materials when he was transferred into the RHU on January 28, 2008, it is clear from the context of Plaintiff's complaint that his use of the word "trashed" in this regard refers to the guards allegedly throwing his papers in his footlocker causing them to be out of order or disorganized. Indeed, Plaintiff never claims that Defendants confiscated or otherwise destroyed his legal materials; instead, he simply claims that his papers were in "disarray." As such, the alleged conduct in the present case did not cause a loss of his right to pursue the underlying claims that are at issue.[1]

**B. Due Process**

Plaintiff also appears to reassert a due process claim that was previously addressed by the Third Circuit. Plaintiff alleges that the destruction or loss of his personal property, including the inmate witness affidavits, violated his right to due process under the Fourteenth Amendment. However, as previously explained by the Third Circuit, he has failed to state a claim because "'an unauthorized deprivation of property' by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Here, such a remedy existed of which Plaintiff took advantage. As such, he cannot state a due process claim in this regard. An appropriate Order follows.

**AND NOW** this 21st day of August, 2012;

---

[1] Notwithstanding that Plaintiff is unable to state a claim, the Court notes that Plaintiff has failed to establish the requisite personal involvement of any of the named Defendants with respect to this access to courts claim as he fails to identify which Defendants were personally involved or had actual knowledge and acquiesced in the commission of the alleged wrong. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, to the extent he attempts to do so, he has also failed to establish supervisory liability pursuant to Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989).

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Troy, Glass, Papuga, Pratts, Ream, Jechonech, Snyder, and Verneau (ECF No. 82) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Paul Fiscer (ECF No. 84) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Ruling on Defendants' Motions to Dismiss (ECF No. 86) and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 87) are **DENIED** as moot.

**AND IT IS FURTHER ORDERED** that the sole remaining claims left for disposition in this action are Plaintiff's retaliation and Fourth Amendment claims as specified in the Third Circuit's Opinion dated July 11, 2011.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Joseph Watson
EF-9383
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA  15510-0001

Counsel of record.