IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WATSON, | ) | |
| | ) | Civil Action No. 09 – 87J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff has filed Objections to the Court's Order dated August 21, 2012, granting Defendants' Motions to Dismiss on Plaintiff's access to courts and due process claims.[1] (ECF No. 90.) Because Plaintiff may not appeal at this time, as there are several claims that remain pending and this case is not yet closed, and because Plaintiff has consented to the jurisdiction of the Magistrate Judge, Plaintiff's Objections will be treated as a Motion for Reconsideration of the Court's Order dated August 21, 2012.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a

---

[1] Plaintiff titles his document "Objection * Appealing the District Court Memorandum Order Access to the Court Ruling." (ECF No. 90.)

clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrboach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

After considering Plaintiff's objections, the Court finds that he has not demonstrated any of the grounds necessary to warrant reconsideration. Moreover, the Court notes that Plaintiff raises the same arguments that he has previously made in prior filings. A party seeking reconsideration must show more than a disagreement with the court's decision; recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden under the standard for a motion for reconsideration. Plaintiff has not met his burden. Consequently, his Objections, hereby construed as a Motion for Reconsideration, will be denied.

**AND NOW**, this 2nd day of October, 2012,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 90), hereby construed as a Motion for Reconsideration, is **DENIED**.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Joseph Watson
EF-9383
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA  15510-0001
*Via U.S. Mail*

Counsel of Record
*Via ECF Electronic Mail*