IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WATSON, | ) | |
| | ) | Civil Action No. 09 – 87J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PAUL FISHER, *et al.*, | ) | |
| | ) | ECF No. 126 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Injunction/Restraining Order (ECF No. 126) filed by Plaintiff on June 26, 2013. Pursuant to the Court's order, Defendants responded to Plaintiff's motion. (ECF Nos. 127, 128.) For the following reasons, the Court will deny Plaintiff's request for injunctive relief.

Plaintiff requests that the Court intervene in what he calls an "all out assault[] and retaliation on the prisoner's up [in] Somerset." (ECF No. 126 at ¶ 2.) He describes an incident that occurred, and that he allegedly witnessed, on May 22, 2013, when a "mentally ill inmate who was tak[en] off his medication" beat a guard until he was unconscious. Id. Plaintiff then allegedly witnessed eight guards go into that inmate's cell and "beat him until they got tired," at which time another eight guards went in and "beat him until they too got tired." Id. He states that an innocent inmate was accused of being involved in the assault on the guard and he too was beaten senseless by guards and then put in the hole. Id. at ¶ 3.

1

Plaintiff states that earlier that day, guards confiscated some of another inmate's legal work in retaliation for filing a grievance on an officer regarding an abusive pat down search. Id. at ¶ 4. He claims that the inmate was put in the hole along with four other inmates who had nothing to do with the incident. Id.

Following the assault on May 22, 2013, CERT team members were called in to search the area, and Plaintiff claims that, during their search, they destroyed inmates' legal property in retaliation for the assault, including some legal documents of his that he intended to file with the Court. Id. Because of the assault, prisoners were placed on "lock down" for four days during which time Plaintiff contends the guards harassed and assaulted inmates and put them in the hole for no reason. Id. at ¶ 5.

Next, Plaintiff alleges that he was sexually and verbally assaulted by Defendant Pritts during a pat down search on June 17, 2013. Id. Plaintiff filed a grievance against Defendant Pritts as well as a complaint with the Office of Professional Responsibility. Id. Plaintiff also states that he was verbally harassed by Defendant Pritts in May 2013 after telling Pritts that he did not have cable in his cell because he was "too busy suing him." Id. at ¶ 6.

Finally, Plaintiff contends that inmates at SCI-Somerset are being placed in the hole for filing grievances, and officers are doing this in order to intimidate other inmates from doing the same. Id. at ¶ 7. He claims that there is a pattern of ongoing retaliation and he requests that the Court intervene to "prevent a[n] incident that cannot be undone." Id.

Because he is seeking injunctive relief, Plaintiff has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of

Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.  Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity.  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  The plaintiff bears the burden of establishing a "clear showing of irreparable injury."  Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.  Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex

3

and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that injunctive relief is warranted. As an initial matter, Plaintiff is partially complaining about events that are not personal in nature to him. In this regard, Plaintiff lacks standing to seek injunctive relief on behalf of another inmate. *See* Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). Moreover, these events are unrelated to the conduct at issue in this case, and, in order to show entitlement to preliminary injunctive relief Plaintiff must establish a nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint.[1] This he has not done. If he so desires, Plaintiff can file another civil rights complaint complaining about these unrelated events.

---

[1] *See*, *e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); Spencer v. Stapler, No. 04-1532, 2006 U.S. Dist. LEXIS 50940, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of

Moreover, to the extent the allegations in his motion relate to any conduct at issue in this case, Plaintiff has not shown immediate irreparable harm justifying a preliminary injunction that cannot be compensated with monetary damages.  Such relief, if necessary, should be required only after a full review of the relevant facts and law.[2]

Therefore, based on the evidence before the Court, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of injunction and his motion will be denied.

Dated:  July 16, 2013.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  **Joseph Watson**
EF-9383
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA  15510-0001

---

persons other than the named defendants); Westbank Yellow Pages v. BRI, Inc., No. 96-1128, 1996 U.S. Dist. LEXIS 6785, 1996 WL 255912, *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action); Williams v. Platt, 2006 U.S. Dist. LEXIS 3169, 2006 WL 149124, *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint").

[2] Defense counsel informs the Court that an investigation was conducted into Plaintiff's allegations of abuse by Officer Pritts and the investigation revealed that his allegations were unsubstantiated by three other officers who were present when Plaintiff was pat searched.